[Cite as *State v. Llapur*, 2022-Ohio-3134.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,        :

                                             No. 111246

    v.                          :

JAVIER LLAPUR,                          :

    Defendant-Appellee.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 8, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653393-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender,
Aaron T. Baker and Noelle A. Powell, Assistant Public
Defenders, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant state of Ohio (the "state") appeals the trial court's decision to not impose an indefinite sentence pursuant to S.B. 201, the Reagan Tokes Law ("Reagan Tokes"), on defendant-appellee Javier Llapur ("Llapur"). The

state asks us to reverse Llapur's sentence and remand to the trial court to impose a sentence in accordance with Reagan Tokes. We reverse the trial court's sentence and remand to the trial court to impose an indefinite sentence.

{¶ 2} Llapur pleaded guilty to one count of felonious assault, a second-degree felony, with forfeiture specifications; three counts of improper discharge of firearm at or into a habitation or school, a second-degree felony, with a three-year firearm specification and forfeiture specifications; one count of drug possession, a fourth-degree felony, with forfeiture specifications; and one count of receiving stolen property, a first-degree misdemeanor.

{¶ 3} Over the state's objections, the trial court found Reagan Tokes to be unconstitutional and sentenced Llapur to five years in prison. The state filed this appeal assigning one error for our review:

> The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

## I. Reagan Tokes Law

{¶ 4} This court in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), found Reagan Tokes to be constitutional. The appellee's arguments do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by this court's en banc decision in *Delvallie*. The appellee has conceded that this court's decision in *Delvallie* has settled the issue of Reagan Tokes' constitutionality for the Eighth District. However,

the appellee submits that his brief is a preservation of the issue for review by the Supreme Court of Ohio.

{¶ 5} Therefore, the state's sole assignment of error is sustained. We reverse the trial court's sentence and remand to the trial court to sentence Llapur in accordance with Reagan Tokes Law.

{¶ 6} Judgement reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.